FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 3 2006 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARDEN CITY BOXING CLUB, INC.,
as Broadcast Licensee of the November 27, 2004
Barerra/Morales Program,

                              Plaintiff,                    05 CV 3898 (SJ)

   - against -                                 **MEMORANDUM**
                                                **& ORDER**

RAFAEL DEJESUS, individually and as officer,
director, shareholder and/or principal of PUNTO
LATINO RESTAURANT CORP. d/b/a PUNTO
LATINO, and PUNTO LATINO RESTAURANT
CORP. d/b/a PUNTO LATINO,

                              Defendants.
------------------------------------------------------------X

APPEARANCES:
LONSTEIN LAW OFFICE, P.C.
Julie Cohen Lonstein, Esq.
1 Terrace Hill, Box 351
Ellenville, NY 12428

JOHNSON, Senior District Judge:

Presently before the court is a request from pro se individual defendant Rafael DeJesus ("DeJesus"), on behalf of himself and corporate co-defendant, Punto Latino Restaurant Corp. (collectively, "Defendants"), to vacate the order of default judgment entered by this Court on February 16, 2006 (the "Order"), in the above captioned case. For the reasons stated herein, Defendants' request is hereby

denied.

## BACKGROUND

Plaintiff brought this action on August 12, 2005, alleging that Defendants knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. § 605 (1996). Plaintiff's Complaint alleges that Defendants, operators of taverns and restaurants in the New York City area, unlawfully intercepted and exhibited the Barerra/Morales pay-per-view boxing event on November 27, 2004. The Summons and Complaint were served on Defendants on November 25, 2005. After proper service on Defendants, Defendants did not answer, otherwise appear, or file a request for an extension of time prior to the deadline to do so, which was December 15, 2005.[1] On February 7, 2006, Plaintiff filed a motion for default judgment against Defendants. (See Docket No. 05 CV 3898, Entry 7.) The Court granted that motion on February 16, 2006, and referred the case to the assigned magistrate judge to submit to the Court a report and recommendation with respect to damages, fees, and costs. (Order at 2.)

On February 14, 2006, DeJesus, the individual defendant, remitted a letter to this Court, on behalf of himself and the corporate defendant, regarding a

---

[1] Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a defendant shall serve an answer within 20 days after being served with the summons and complaint."

2

Summons and Complaint received from a different plaintiff, Kingvision Pay-Per View Ltd., that charged the Defendants with the same substantive violations as those charged in the case at bar (the "Kingvision Matter").[2] (See Defs.' 2/14/06 Letter, Docket No. 05 CV 3682, Entry 11.) In that letter, DeJesus informed the court that Defendants did not serve an answer to that Complaint because DeJesus is unable to speak or read English. (Defs.' 2/14/06 Letter at 1.) DeJesus also stated that he has been unable to obtain an attorney for Defendants because he could not afford to do so. DeJesus provided the Court with copies of the corporate defendant's bank account statements and electrical bills, as well as various attorneys' business cards with professional fee quotes, to support this claim. (Id. at 2-7.) Based on the above circumstances, Defendants requested that the Court vacate the order entering default judgment against them in the Kingvision Matter and appoint counsel for both parties. (Id. at 1; see Kingvision Matter Order, Docket No. 05 CV 3682, Entry 14.)

To determine the veracity of Defendants' assertions, and before requiring formal motion practice on Defendants' request for reconsideration in the Kingvision Matter, the Court scheduled a status conference for March 31, 2006, at

---

[2] Defendants' letter also requested that the matter of J&J Sports Productions, Inc. et al. v. Punto Latino Restaurant Corp. et al., No. 05 CV 5809, a case initially assigned to the Honorable Allyne R. Ross, be transferred to this Court, as the named defendants and the attorney representing the named plaintiff are the same as those in the instant action. (Defs.' 2/14/06 Letter at 1.) The Court granted that request on March 7, 2006. (See Docket No. 05 CV 5809, Entry at 3/7/2006.)

9:30 AM and notified all interested parties accordingly. In the interest of efficiency, the Court informed the parties that, although Defendants had not filed a formal motion for reconsideration of the order entering default judgment, the instant case would also be discussed during the scheduled conference. Plaintiff, in its much-appreciated efforts to assist the Court, also sent a letter in both English and Spanish to Defendants to advise them of the status conference. At the scheduled conference date and time, Plaintiff appeared but Defendants failed to do so.

DeJesus, on behalf of himself and the corporate defendant, submitted a letter to the Court, dated April 15, 2006, stating that "despite [his] attempts to arrive on time and resolve the matter in good faith, [he] was thirty minutes late" to the Court's scheduled conference. (Defs.' 4/15/06 Ltr. at 1.) Notwithstanding his tardiness, DeJesus essentially requests another "another chance to remedy the situation at hand." (Id.) The letter did not provide any additional information regarding his grounds for reconsideration of the Order.

## DISCUSSION

When good cause is shown, the Court may, in an exercise of its discretion, set aside, in accordance with Rule 60(b) of the Federal Rules of Civil Procedure, a judgment of default that has been entered. Fed. R. Civ. P. 55(c). Rule 60(b)(1)

4

permits the reopening of a judgment entered against a party due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Because Defendants' letter fails to set forth any legal basis for the requested relief under Rule 60, it is appropriate to analyze his claims under the excusable neglect standard, as provided in Rule 60(b)(1).³ Kingvision Pay-Per View Ltd. v. Brito, No. 05 CV 1042, 2005 U.S. Dist. LEXIS 14917, at *3 (S.D.N.Y. July 25, 2005).

In analyzing whether to vacate the entry of a default judgment, a district court should consider (1) the willfulness of a defendant's default; (2) whether a defendant has a meritorious defense; and (3) whether any prejudice will result from vacating the default judgment. Mingoia et al. v. North East Constr. Co., No. 03 CV 7622, 2005 U.S. Dist. LEXIS 25762, at *3 (S.D.N.Y. Oct. 27, 2005).

In the context of a default judgment, conduct that is more than merely negligent or careless is deemed willful. Kingvision Pay-Per View Ltd. v. Brito, 2005 U.S. Dist. LEXIS 14917, at *3 (citation omitted). Additionally, to prove that there is a meritorious defense to a plaintiff's claims, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if

---

³In the absence of more formal motion practice, and the general wisdom that pro se submissions should be liberally construed and read to raise the strongest arguments they suggest, see, e.g., Abrahamson v. United States, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004), the Court construes Defendants' February 14, 2006 letter as a motion to vacate the Court's Order entering default judgment

5

P-049

proven at trial, would constitute a complete defense." Id. (citation omitted). Finally, when considering prejudice to the non-defaulting party, a court may find that delay is a sufficient basis for establishing prejudice if it will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (citation omitted).

Before considering the merits of Defendants' request that the Order be vacated, the Court recognizes that "[i]t is well established that default judgments are disfavored" and that "[a] clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). Accordingly, any doubts "should be resolved in favor of the defaulting party." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (citation and internal quotations omitted). The Court also recognizes that relief from the entry of a default judgment is left "to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Id. (citation omitted).

In an exercise of its discretion, the Court declines to vacate its Order. First, Defendants have not demonstrated that their default was not willful. Defendants waited for approximately six months after Plaintiff served its Summons and Complaint before submitting any documents advising the Court of their inability to

P-049

understand the Complaint, to obtain counsel, or to answer adequately the claims against them. Notwithstanding this delay, the Court opted to provide Defendants with an opportunity to be heard in open court regarding their nonfeasance. Defendants wasted this opportunity by failing to appear at the scheduled status conference in a timely fashion. Given Defendants continued failure to appear, the Court cannot credit the self-serving assertions contained in Defendants' letter regarding the reasons for their default and thus is unable to find that their default is not willful.

Second, neither Defendants' February 14, 2006 letter nor April 15, 2006 letter provides any indication of potentially meritorious defenses to Plaintiff's Complaint. Moreover, the Court is unaware of any additional submissions by Defendants that provide the slightest suggestion that such defenses exist. The Court, therefore, has no cause to believe that any defense, much less a complete defense, exists in this case.

Admittedly, the Court has not conducted any inquiries into the prejudice that Plaintiff would suffer if the Court were to vacate its Order. However, given that the Court has concluded that Defendants' default was not the result of mere negligence or carelessness and that they lack meritorious defenses to Plaintiff's claims, the Court need not make a finding of prejudice to deny Defendants' motion

7

P-049

to vacate the Court's Order. See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (holding that, even in the absence of prejudice, a district court has discretion to deny a motion to vacate a default judgment if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense).

## CONCLUSION

For the reasons stated herein, the Court hereby DENIES Defendants' request to vacate the Court's Order entering default judgment.

SO ORDERED.

Dated: April 27, 2006
       Brooklyn, New York

s/SJ
_____
Senior U.S.D.J.

cc:    Rafael DeJesus
       9504 35th Avenue
       Apartment 3A
       Jackson Heights, NY 11372-8544
       Defendant

       Punto Latino Restaurant
       95-08 35th Avenue
       Jackson Heights, NY 11372-6028
       Defendant